IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EARNEST LYNN ROSS, #18947 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv293 |
| | § | CRIM. ACTION NO. 4:08cr143(1) |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION AND ORDER**

Movant Earnest Lynn Ross, an inmate confined in the Michael Unit in Tennessee Colony, Texas, filed a *pro se* and *in forma pauperis* petition for writ of coram nobis pursuant to 28 U.S.C. § 1651. Following Final Judgment and the Fifth Circuit's denial of his appeal, Movant then filed a motion for reconsideration.

**MOTION FOR RECONSIDERATION**

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case

under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet*, 367 F.3d at 478. The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

If a motion for relief from judgment is filed within twenty-eight (28) days of final judgment, the motion should be filed as a motion under Rule 59 rather than Rule 60. Fed. R. Civ. P. 59(e); *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994) (citing *Lavespre v. Niagara Mach. & Tool Works, Inc*. 910 F.2d 167, 173 (5th Cir. 1990)). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). Movant's motion, filed approximately two years after final judgment, is properly filed under Fed. R. Civ. P.60. Movant also asks that his case be reopened.

**DISCUSSION**

A review of the record shows that, on November 21, 2008, a jury found Movant guilty of two (2) counts of being a felon in possession of a firearm. On March 9, 2009, the United States District Judge sentenced Movant to 120 months of imprisonment on each count, to run consecutively for a total of 240 months. The Fifth Circuit Court of Appeals affirmed on February 23, 2010. Movant then filed a writ of error *coram nobis* with this court on June 9, 2010. Movant was still in custody at the time of filing; thus, he did not meet the requirements of *coram nobis*. As a result, the court dismissed Movant's writ of *coram nobis* for failure to meet the requirements for such a writ. In the Report and Recommendation, the United States Magistrate Judge informed Movant that his issues

are appropriately brought in a § 2255 motion to vacate, set aside, or correct sentence. Movant failed to file a § 2255 motion.

Movant then appealed the District Court's decision, and on November 1, 2012, the Fifth Circuit Court of Appeals remanded Movant's case to allow him to proceed on a motion pursuant to 28 U.S.C. § 2255 in the instant case. Accordingly, a standard § 2255 form was forwarded to Movant at the last address that he had provided to the court.[1] The standard form was returned as "undeliverable," and the case was ultimately dismissed for failure to prosecute. Final Judgment issued on August 23, 2013. On October 2, 2013, Movant filed a notice of change of address. A further review of the docket shows that Movant filed objections to the Report and Recommendation on November 15, 2013, asserting that he had never received the Report and Recommendation. He filed a notice of appeal on December 23, 2013. The Fifth Circuit then remanded for this court to determine the circumstances under which Movant received notice of final judgment for purposes of an appeal.

In response to the court's order to provide information concerning notice, Movant made the following statements:

1. He learned of the Final Judgment on October 27, 2013.

2. A friend of his (Ms. K. L. Bush) signed up for the court's PACER system and she found Movant's case. She forwarded the printout of the docket as well as 36 pages of printed documents, including the Final Judgment and copies of various "return to sender" envelopes.

---

[1] A prisoner is responsible for notifying the Clerk of the Court of any change of address. Movant complains that, because he sent documents to the Fifth Circuit Court of Appeals with his new address, this court should have known. This is an erroneous deduction. Movant was required to notify this court of his change of address. The docket from this court clearly shows no change of address notification until October 2, 2013, more than one month after his case was closed.

3. He received this package of printed documents on October 30, 2013.

4. He drafted his objections that very night, and on October 31, 2013, placed the required postage on his objections and turned them over to the Denton County Jail mailroom for mailing.

5. Approximately 9-10 days later, the mailroom supervisor informed him that the package had been placed in "Regular Mail," and it was overweight and returned for a violation of postal rules.

6. His friend (Ms. K. L. Bush) picked up the documents from the Denton County Jail and sent them via Federal Express to the court (a copy of the Federal Express receipt, which was dated November 13, 2013, was attached).

Ultimately, Movant did not rely on the prison mail system to get his legal mail to the court. Movant failed to attach any documentation from the Denton County Jail mailroom to support his assertions. He failed to offer the envelope that was returned for insufficient postage to support his assertions. Absent evidence in the record, this court is unable to consider conclusory claims, which are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Considering the only offer of proof provided, the court concluded that Movant's objections to the Report and Recommendation were filed via Federal Express on November 14, 2013 – 83 days after Final Judgment issued.

Movant filed his Notice of Appeal on December 23, 2013 – 122 days after Final Judgment issued. Movant failed to state whether he used the Denton County Jail mailroom to mail his notice of appeal. However, the envelope shows that the notice of appeal was sent via United States Postal Service (USPS) priority mail with a USPS tracking number and a stamped postmark from Richardson, Texas.

The court concluded that Movant filed his objections to the Report and Recommendation that recommended dismissing his case for failure to prosecute on November 14, 2013, and he filed his notice of appeal on December 23, 2013. On August 21, 2014, the Fifth Circuit held that Movant's notice of appeal was untimely and dismissed it. On August 14, 2015, Movant filed the instant motion for relief from judgment. He asks the court to reconsider its judgment and reopen the case. A district court may reopen judgments for reasons of mistake, inadvertence, surprise, or excusable neglect. *Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002) (per curiam), *cert. denied*, 537 U.S. 1181, 123 S. Ct. 1208, 154 L. Ed.2d 1013 (2003). Movant does not meet the *Dunn* requirements to reopen the case. He also fails to show (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) a manifest injustice. *Schiller,* 342 F.3d at 567; *Templet*, 367 F.3d at 479. Furthermore, this case was closed on August 23, 2013 - almost two years prior to filing of the instant motion. Thus, relief from final judgment pursuant to Rule 60(b) is also foreclosed as too much time has passed since final judgment issued. Fed. R. Civ. P. 60( c).

## SUCCESSIVE MOTIONS

Finally, any motions filed at this point are considered successive in nature, which require permission from the Fifth Circuit. A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court. *See In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). Because Movant filed a previous motion under § 2255, which was dismissed, this court lacks jurisdiction to consider the present motion unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit. *United States v. Key*, 205 F.3d 773, 774

5

(5th Cir. 2000). Movant should file any further motions with the Fifth Circuit as opposed to this court.

In sum, Petitioner fails to show (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) a manifest injustice. *Schiller,* 342 F.3d at 567; *Templet*, 367 F.3d at 479. Additionally, relief from final judgment pursuant to Rule 60(b) is foreclosed as too much time has passed since final judgment issued. Fed. R. Civ. P. 60( c). Finally, Movant fails to show mistake, inadvertence, surprise, or excusable neglect; thus he fails to show cause for reopening his case. *Dunn*, 302 F.3d at 492.

Movant also files a motion for leave to appeal *in forma pauperis* (dkt #49). Because Movant has not shown that he is entitled to a certificate of appealability, he also has not shown that he is entitled to proceed *in forma pauperis* on appeal. *United States v. Delario*, 120 F.3d 580, 582 (5th Cir. 1997). It is accordingly

**ORDERED** that Movant's motion for reconsideration and to reopen the case (dkt #48) is **DENIED**. It is also

**ORDERED** that Movant's motion for leave to appeal *in forma pauperis* (dkt #49) is **DENIED**. All motions filed by any party not previously ruled upon are **DENIED**.

**SIGNED this the 31st day of March, 2016.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE